UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

SAMUEL EDMONSON, # 90-A-9397,

                          Plaintiff,

                                                          Case # 12-CV-6149-FPG

v.

                                                          DECISION AND ORDER

COMMISSIONER BRIAN FISCHER, ET AL.,

                        Defendants.
_____

     *Pro se* Plaintiff Samuel Edmonson, an inmate in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") filed this action under 42 U.S.C. § 1983, alleging that Defendants, who were employed by DOCCS during the relevant time period, violated his constitutional rights in connection with a disciplinary hearing conducted at Wende Correctional Facility ("Wende") on or about April 16, 2009. Because the record conclusively establishes that the Plaintiff's Constitutional due process rights were not violated, Defendants' Motion for Summary Judgment (Dkt. # 15) is granted, and this case is dismissed with prejudice.

FACTUAL BACKGROUND

     On March 15, 2009, Plaintiff's cell at Wende was searched by DOCCS officials, and certain items of contraband were found. A disciplinary hearing was held, where Plaintiff requested that Captain Casaceli – the hearing officer and named Defendant in this action – produce inmates Douglas Lee and Eric Kurtz to testify on his behalf. Casaceli declined, and informed Plaintiff that Lee's testimony was redundant and therefore unnecessary, and also informed Plaintiff that Lee was unavailable, as he was no longer at Wende. As to Kurtz, the

Plaintiff was informed that when Correctional Officer Herbison went to escort Kurtz to the hearing, he refused to testify. Casaceli questioned Herbison during the disciplinary proceeding, and Herbison testified that Kurtz stated that he would not testify, and that he would not give a reason for his refusal. Herbison asked Kurtz to sign an inmate refusal to testify form, but Kurtz similarly declined.

Nine witnesses testified at Plaintiff's disciplinary hearing – five inmates and four DOCCS staff members – and on April 16, 2009, Plaintiff was found guilty of possessing weapons and contraband, and was sentenced to 36 months confinement in the Special Housing Unit ("SHU"). In imposing his sentence, Casaceli noted that this was the Plaintiff's ninth act of weapons possession while he was incarcerated.

Plaintiff appealed from the disciplinary conviction and sentence, and Defendant Brian Fischer, the then-commissioner of DOCCS, along with Norman Bezio, the director of special housing at DOCCS, reduced Plaintiff's disciplinary sentence to 18 months SHU confinement. Plaintiff then filed an Article 78 petition under New York State law, seeking vacatur of his disciplinary conviction. That petition was denied on April 30, 2010, and Plaintiff appealed. However, that appeal was rendered moot when, on August 9, 2010, the disciplinary conviction was administratively reversed and expunged by DOCCS, and the Plaintiff was released from the SHU.

Plaintiff commenced this action on March 23, 2012, and when read liberally, his Complaint alleges that his due process rights were violated when Casaceli failed to personally speak to Lee and Kurtz regarding their potential testimony, and in the case of Kurtz, instead relied on another officer's representation that Kurtz was refusing to testify. The Defendants have

moved for summary judgment, and both the Plaintiff and the Defendants have filed several replies and sur-replies.[1]

## DISCUSSION

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the

---

[1] The Defendants originally filed the instant motion styled as a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) (Dkt. # 8), and the Plaintiff responded to that motion (Dkt. # 11). Thereafter, Defendants filed a reply memorandum (Dkt. # 12), and the Plaintiff filed an unauthorized sur-reply (Dkt. # 13). After those filings were received, United States District Judge Charles J. Siragusa, to whom this case was previously assigned, issued an Order directing the Defendants to clarify whether they were advancing a motion to dismiss, or a motion for summary judgment. Dkt. # 14. The Defendants filed a revised Notice of Motion (Dkt. # 15), clarifying that their motion was for summary judgment, and Plaintiff filed an additional response thereafter. Dkt. # 18. The Defendants then filed an additional reply (Dkt. # 21), and the Plaintiff filed an additional unauthorized sur-reply (Dkt. # 22). As a result, the Court has received ample briefing on this motion, and although the Plaintiff's sur-replies were not permitted under the Court's local rules, because he is proceeding *pro se*, I have considered them in reaching this decision.

proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587).

Because the Plaintiff is proceeding *pro se,* his pleadings are held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), and are interpreted "to raise the strongest arguments that they suggest." *Fulton v. Goord*, 591 F.3d 37, 43 (2d Cir. 2009).

Before turning to the merits, there is one procedural matter that I must address. The Second Circuit had held that when a party files a summary judgment motion against a party who is proceeding *pro se*, the proponent of the motion must advise his opponent of the requirements of Fed. R. Civ. P. 56. *See Irby v. New York City Transit Auth.*, 262 F.3d 412 (2d Cir. 2001). There is no indication in the record that Defendants complied with that rule in this case. However, the Second Circuit also stated that this notification is not required where "the record otherwise makes clear that the litigant understood the nature and consequences of summary judgment." *Irby*, 262 F.3d at 414. Here, it appears from Plaintiff's several filings – which are detailed and include multiple legal citations – that he understood the import of Defendants' Motion for Summary Judgment. Further, "the instant motion involves legal issues, not factual ones, and it does not appear that Plaintiff is in any way prejudiced by the lack of a formal *Irby* notice. That is, Plaintiff's legal arguments are well-presented and must be liberally construed, and it does not appear that he would have done anything differently if he had been served with an

*Irby* notice." *Wright v. Escrow,* No. 10-CV-6502-CJS, 2013 WL 1826053, at *6 (W.D.N.Y. Apr. 30, 2013) (Siragusa, J.). As a result, I will proceed to the merits of the motion.

The gravamen of Defendants' Motion for Summary Judgment is that even if all of Plaintiff's assertions regarding the failure of Casaceli to call inmates Kurtz and Lee are true, they do not amount to a federal Constitutional violation, and his Complaint must be dismissed. I agree.

Although a New York inmate has a due process right to call witnesses, *see* 7 N.Y.C.R.R. § 254.5(b), that right is not absolute. *See Ponte v. Real,* 471 U.S. 491, 495 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 566 (1974). A prisoner's right to call witnesses is available only "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff,* 418 U.S. at 566. Prison officials must be accorded the discretion necessary to keep a hearing within reasonable limits and to refuse to call witnesses when summoning them may create a risk of reprisal or undermine authority. *Id.* A hearing officer may also refuse to call a witness "on the basis of irrelevance or lack of necessity." *Kingsley v. Bureau of Prisons,* 937 F.2d 26, 30 (2d Cir. 1991); *see also Scott v. Kelly,* 962 F.2d 145, 146-47 (2d Cir. 1992) ("It is well settled that an official may refuse to call witnesses as long as the refusal is justifiable"). In addition, "prison officials may be required to explain, in a limited manner, the reason why witnesses were not allowed to testify." *Ponte,* 471 U.S. at 497. They need not give a detailed explanation, however, and "may do so ... by making the explanation a part of the 'administrative record' in the disciplinary proceeding." *Id.*

*Shell v. Brzezniak,* 365 F. Supp. 2d 362 (W.D.N.Y. 2005) is virtually identical to the present case. In *Shell,* Judge Larimer rejected an inmate's claim that his due process rights were violated when a hearing officer failed to speak with two inmate witnesses personally to inquire into their reasons for refusing to testify at the plaintiff's hearing. In so doing, the court noted that

"a hearing officer may preclude plaintiff from calling a witness ... if there is a lack of necessity for calling the witness, for instance where the testimony would be cumulative or if the witness refuses to testify." *Id.* at 377 (citing *Wolff*, 418 U.S. at 567; *Walker v. McClellan*, 126 F.3d 127, 130 (2d Cir. 1997)). The Court in *Shell* also noted that "[t]he Second Circuit has recognized that 'if a witness will not testify if called, it cannot be a "necessity" to call him.'" *Id.* (quoting *Silva v. Casey*, 992 F.2d 20, 22 (2d Cir. 1993)).

Here, the transcript of the disciplinary hearing demonstrates that Casaceli declined to call inmate Lee because he had been transferred to another DOCCS facility, and also because his testimony would be redundant, in that Casaceli had already taken testimony from five other inmate witnesses. Casaceli further informed the Plaintiff that corrections officers attempted to bring inmate Kurtz to the hearing, but he refused to attend and refused to testify[2]. Those reasons comport with federal due process standards, and do not provide a basis of relief for the Plaintiff.

In arguing otherwise, Plaintiff relies on several cases decided in New York State courts under New York law and cites to sections of New York State law that stand for the proposition that a hearing officer is required to personally inquire of an inmate witness who refuses to testify. However, this is not a state court action, and "federal constitutional standards rather than state law define the requirements of procedural due process." *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 (2d Cir. 1990). Under the circumstances presented, the Defendants' actions satisfied those requirements, and accordingly, they are entitled to summary judgment.

---

[2] Although the Plaintiff now seeks to rely on a post hoc statement from Kurtz that he would have testified if called, I need not address this statement, as Casaceli was entitled to rely on the statement of the escort officer that he attempted to bring Kurtz to the hearing, and he refused.

CONCLUSION

Defendants' Motion for Summary Judgment (Dkt. # 15) is GRANTED and this action is dismissed with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to enter judgment and terminate this action.

IT IS SO ORDERED.

Dated: September 30, 2014
       Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge